Opinion op the Court,
by Judge Owsley.
THIS is a contest between adverse conflicting claims to land, derived under the laws of this country authorjzjng the appropriation of vacant land.
Campbell disclaims any interest in the land. Sharp claims under a grant from the Commonwealth, bearing <jate the 13th December, 1815, and purporting to have ^een rnac^e in virtue of a survey executed the 12th of January, 1815, under an original county court certificate.
Upon this claim, Sharp brought an ejectment against M’Comb, and recovered a judgment at law.
To be relieved against the judgment, and to obtain a surrender of Sharp’s title, M’Comb exhibited his bill in chancery. He asserts the superior equity through a claim derived under the provisions of the act of the legislature of this country, of the 6th of February, 1815. He obtained his certificate of actual settlement in September, 1815, specially designating the land; caused the same to be surveyed the 21st of May, 1816, and obtained from the Commonwealth a patent, the 21st March, 1817.
The court below pronounced a decree dismissing the bill of M’Comb.
It may be assumed as a proposition not to be controverted, that in perfecting his title, M’Comb has acted in strict conformity to the requisitions of the act of February, 1815, under which he derives his claim; but it will be perceived, that although he obtained from the proper court, a certificate of actual settlement in September, 1815, his survey wa$ not actually made until May, 1816, several months after the date of the grant from the Commonwealth to Sharp, which issued the 13th of Debember, 1815.
In testing the relative validity of these claims, therefore, it is important to ascertain with precision, the commencement of M’Comb’s title; for if, under the act of February, 1815, his title is made not to commence until his survey was in fact made, as that was not done *17 until after the grant hacl issued from the Commonwealth to Sharp, it is perfectly clear, that the court below was correct in refusing him relief. It is unappropriated land only, that was allowed by the act of February, 1815, to be appropi’iated; and after the grant had issued to Sharp, the land included thereby, was not of that sort.
And that the title of M’Comb could not commence until the time of making his survey, is apparent from the clear and unambiguous expression of the ninth section of the act already referred to. It is in the following words:
“And to prevent any kind of doubts as to the kind of title derived under this act, be it further enacted, that the actual survey shall be considered the commencement of the title; and when perfected by grant, the title shall relate to the time of survey, so as to be available in courts of law, against an elder grant founded upon a younger survey.”
We know that in expounding previous acts of the legislature, the title has been decided to commence before the date of the survey; but none of those acts contain any provision like that contained in the ninth section of the act of February, 1815, and however correct it might be, in the absence of such a provision, to hold the title as commencing before the date of the survey, such cannot be the decision under an act so explicitly, as the one in question, declaring that the actual survey shall be the commencement of tke title.
The decree must, therefore, be affirmed with costs.